IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN ROBERT DEMOS, | CV 24-04-M-DWM |
| Plaintiff, | |
| vs. | ORDER |
| DONALD J. TRUMP, | |
| Defendant. | |

This matter is before the Court on pro se prisoner John R. Demos's civil rights complaint seeking to challenge the authority and acts undertaken by former President Donald J. Trump. (Doc. 2.) Demos is currently serving a prison sentenced under a judgment imposed by a Washington state court. Along with his complaint, Demos has submitted application to proceed in forma pauperis. (Doc. 1.)

Demos's complaint consists of a series of questions, (Doc. 2 at 4-5), and seems to seek a declaration from this Court that former President Trump personally

1

violated Demos's constitutional rights, (*id.* at 6-7). As a preliminary matter, it does not appear Demos has standing to pursue the requested relief. Under this jurisdictional requirement, a plaintiff must show (1) he or she has suffered a "concrete and particularized" injury to a cognizable interest, (2) which is "fairly traceable to the challenged action of the defendant" and (3) which likely can be redressed by a favorable decision. *Nat'l Council of La Raza v. Cegavske*, 800 F. 3d 1032, 1039 (9th Cir. 2015) (*citing Bennett v. Spear*, 520 U.S. 154, 167 (1997)). A review of Demos's complaint demonstrates that he has failed to assert any concrete and particularized injury to a cognizable interest. Moreover, he does not allege how any asserted injury is attributable to the actions of former President Trump. Finally, Demos does not establish that an asserted injury is of individual concern, rather than of general interest common to all members of the public. *See United States v. Richardson*, 418 U.S. 166, 167–77 (1974). Thus, Demos lacks standing to pursue the relief requested. The Court, however, need not further examine the jurisdictional issue.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

2

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Demos, an inmate in the State of Washington, has a well-documented history of filing frivolous and vexatious lawsuits in the various federal district and circuit courts throughout the nation. In a previous order, this Court outlined Demos's filing history:

> Demos has filed at least three civil actions which were dismissed as frivolous or for failure to state a claim. *See Demos v. Ryan*, Civ. No. 00-921 (AJL)(D.N.J.) (dismissed for failure to state a claim September 18, 2000); *Demos v. Heinz,* 2:94-cv-04037-JG (E.D.PN) (dismissed as frivolous on July 6, 1994); *Demos v. P.A. Ridder*, Civ. No. 00-747 (S.D. Fla.) (dismissed for failure to state a claim on March 24, 2000).
>
> The Third Circuit Court of Appeals has designated Demos "a litigant with 'three strikes'." *Demos v. President of the United States*, 365 Fed.Appx. 341, 342 n. 1 (3rd Cir. 2010). A number of district courts have also dismissed Demos's cases on the basis of the three strikes rule. *See Demos v. United States*, No. 2:10-CV-285-DAK, 2010 U.S. Dist. LEXIS 34806 (D. Utah Apr. 7, 2010); *Demos v. United States of America*, No. 1:10-104-SJM-SPB (W.D. Penn. Nov. 2, 2010); and *Demos v. Kentucky Fried Chicken*, 3:11cv438-JGH (W.D.Ky Nov. 29, 2011).
>
> The list goes on and on but clearly Demos has vastly exceeded the three "strikes" allowed by the PLRA to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Even when construed liberally in Demos' favor, the allegations in his Complaint do not support a finding that he is in "imminent danger of serious physical injury."

*See Demos v. United States et al.*, Cause No. CV-12-91-M-DLC, Find. & Rec., at

3

1-2 (entered June 6, 2012).

The exhibits submitted in support of Demos's complaint in the present matter underscore his vexatious filing history.  The Washington Supreme Court detailed Demos's abusive filing practices in a 1992 order. (Doc. 2-1 at 33-36.)  On July 2, 2012, the Washington Supreme Court entered an order precluding Demos from filing any challenges to his 1974 conviction, or related civil matters, absent prior leave of the Court. (*Id.* at 16.)  The Washington Supreme Court, and lower Washington state courts, have repeatedly denied Demos leave to file on recent occasions. (*See e.g.*, *id.* at 19, 20, 25, 26, 27, 28, and 41.)

While the Court ordinarily gives litigants a period of time to pay the full filing fee of $402.00, it will not do so in this case.  Court records show that over the course of Demos's history of filing frivolous complaints he has been warned on numerous occasions that he cannot submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm.  Demos has a history of abusing the system and filing repetitive and frivolous lawsuits.  Prior to filing this action, Demos knew, from his previous filings, that he probably would not be permitted to proceed in forma pauperis.

Based on the foregoing, IT IS ORDERED that the Motion to Proceed in Forma Pauperis (Doc. 1) is DENIED pursuant to 28 U.S.C. § 1915(g).  The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the

Federal Rules of Civil Procedure. No motions for reconsideration will be entertained.

DATED this 12th day of February, 2024.

*[signature]*

Donald W. Molloy, District Judge
United States District Court